lml/iw

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ROBERT BORDERS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 09-04148-JAR |
| LINCOLN GENERAL INSURANCE COMPANY, KOPF TRUCKING, INC. and WILLIAM LOONEY, | ) ) ) ) |
| Defendant. | ) ) ) |

## MEMORANDUM AND ORDER
## GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff Robert Borders filed a Petition on October 13, 2009, alleging the negligence of defendants Lincoln General Insurance Company, KOPF Trucking, Inc. and William Looney.[1] Thereafter, plaintiff's counsel was permitted to withdraw and plaintiff proceeds *pro se*. This matter is before the Court on defendants Lincoln General and William Looney's Motion for Summary Judgment (Doc. 15). Plaintiff has not filed a response and the time to do so has expired.[2] Out of an abundance of caution, the Court ordered plaintiff to show cause why defendants' motion should not be considered and decided as an uncontested motion.[3] To date, plaintiff has not responded. As explained more fully below, defendants' motion is granted.

---

[1] The Court granted KOPF Trucking's Motion to Dismiss on June 11, 2010 (Doc. 27.)

[2] *See* D. Kan. R. 6.1(d)(2) (requiring a response to a dispositive motion to be filed within twenty-one days).

[3] (Doc. 23.)

## I. Summary Judgment Standard

Under D. Kan. Rule 7.4, a "failure to file a brief or response within the time specified . . . shall constitute a waiver of the right thereafter to file such brief or response. . . ."[4] Furthermore, if a "respondent fails to file a response within the time required . . . the motion will be considered and decided as an uncontested motion and ordinarily will be granted without further notice."[5] Nevertheless, "[i]t is improper to grant a motion for summary judgment simply because it is unopposed."[6] This will be the case where the movant fails to make out a prima facie case for summary judgment.[7] It is the role of the court to ascertain whether the moving party has sufficient basis for judgment as a matter of law.[8] In so doing, the court must be certain that no undisclosed factual dispute would undermine the uncontroverted facts.[9]

Summary judgment is appropriate if the moving party "show[s] that there is no genuine issue as to any material fact and that [it] is entitled to judgment as a matter of law."[10] A fact is only material under this standard if a dispute over it would affect the outcome of the suit.[11] An

---

[4]D. Kan. R. 7.4.

[5]*Id.*

[6]*Thomas v. Bruce*, 428 F. Supp. 2d 1161, 1163 (D. Kan. 2006) (quoting *E.E.O.C. v. Lady Baltimore Foods, Inc.*, 643 F. Supp. 406, 407 (D. Kan. 1986) (citing *Hibernia Nat'l Bank v. Administracion Ctl. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985))). The Court notes, however, that failing to file a timely response to a motion for summary judgment still waives the right to thereafter respond or otherwise controvert the facts alleged in the motion. D. Kan. R. 7.4.

[7]*Id.* (citations omitted).

[8]*Id.* (citing *Lady Baltimore Foods*, 643 F. Supp. at 407).

[9]*Id.*

[10]Fed. R. Civ. P. 56(c).

[11]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

2

issue is only genuine if it "is such that a reasonable jury could return a verdict for the nonmoving party."[12] The inquiry essentially determines if there is a need for trial, or whether the evidence "is so one-sided that one party must prevail as a matter of law."[13]

The moving party bears the initial burden of providing the court with the basis for the motion and identifying those portions of the record that show the absence of a genuine issue of material fact.[14] "A movant that will not bear the burden of persuasion at trial need not negate the nonmovant's claim."[15] The burden may be met by showing that there is no evidence to support the nonmoving party's case.[16] If this initial burden is met, the nonmovant must then "go beyond the pleadings and 'set forth specific facts' that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant."[17] When examining the underlying facts of the case, the court is cognizant that all inferences must be viewed in the light most favorable to the nonmoving party and that it may not make credibility determinations or weigh the evidence.[18]

Because plaintiff is a *pro se* litigant, the court must construe his pleadings liberally and

---

[12]*Id.*

[13]*Id.* at 251–52.

[14]*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[15]*Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Celotex Corp.*, 477 U.S. at 325).

[16]*Id.*

[17]*Id.*

[18]*See Scott v. Harris*, 550 U.S. 372, 378 (2007); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986).

apply a less stringent standard than that which is applicable to attorneys.[19] However, the court may not provide additional factual allegations "to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[20] The court need only accept as true the plaintiff's "well-pleaded factual contentions, not his conclusory allegations."[21] Additionally, a *pro se* litigant is not excused from complying with the rules of the court and is subject to the consequences of noncompliance.[22]

## II. Uncontroverted Facts

On March 2, 2010, defendants served plaintiff with a Request for Admissions.[23] Plaintiff failed to respond to defendants' Request for Admissions within thirty days and has not responded as of this date. Regarding requests for admissions, Federal Rule of Civil Procedure 36(a)(3) states, "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."[24] For purposes of a summary judgment motion, the requests for admission that have been "deemed" admitted should be

---

[19] *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997).

[20] *Id.*

[21] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citation omitted).

[22] *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)(insisting that *pro se* litigants follow procedural rules and citing various cases dismissing *pro se* cases for failure to comply with the rules)).

[23] (Doc. 16, Ex. A.)

[24] Fed. R. Civ. P. 36(a); *Reynolds v. Delmar Gardens of Lenexa, Inc.*, No. 02-2039-KHV, 2003 WL 192481, at *3 (D. Kan. Jan. 2, 2003) (if a party fails to timely respond to requests for admission as required by Rule 36(a), those requests are deemed admitted).

accepted as uncontroverted facts.[25] The Court therefore finds the following facts to be established.

On October 16, 2007 plaintiff was operating a truck with an attached trailer and traveling east on Interstate 70. On this date, plaintiff was involved in an accident with a truck operated by defendant William Looney. At the time of the accident, Looney was an employee of KOPF Trucking, Inc. and was operating within the scope and course of his employment. Defendant Lincoln General Insurance Company provided liability insurance for KOPF Trucking, Inc. at the time of the accident. The accident between plaintiff and Looney occurred as a direct and proximate result of plaintiff suddenly slowing his vehicle without providing adequate warning. The sole cause of the accident between plaintiff and Looney and any of plaintiff's claimed damages was plaintiff slowing his motor vehicle in the traveled portion of Interstate 70 without providing an adequate warning. Plaintiff, through his negligence, was responsible for the motor vehicle accident with Looney. Plaintiff did not sustain any medical expenses, lost wages, pain and suffering, or any other compensable damages as a result of the October 16, 2007 accident with Looney.

On October 21, 2007, plaintiff was involved in another motor vehicle accident in Indiana with a vehicle owned by James J. and/or Beverly Eakins. Plaintiff's claims for injuries and damages in this case occurred as a direct and proximate result of his accident on October 21, 2007 with James J. and/or Beverly Eakins.

---

[25]*United States v. Worden*, No. 03-4143, 2004 WL 2030826, at *2 (D. Kan. Aug. 12, 2004) (citations omitted).

**III.    Discussion**

In Kansas, "to recover for negligence, the plaintiff must prove the existence of a duty, breach of that duty, injury, and a causal connection between the duty breached and the injury suffered."[26]  Here, the uncontroverted facts establish that plaintiff's negligence was the sole cause of the accident between plaintiff and defendant and that plaintiff suffered no injuries or damages as a result of that accident.  Plaintiff has failed to set forth any specific facts from which a rational fact finder could find in favor of his negligence claim against defendants.  Therefore, the Court finds that defendants are entitled to judgment as a matter of law.

**IT IS THEREFORE ORDERED BY THE COURT** that defendants' Motion for Summary Judgment (Doc. 15) is **GRANTED**.

**IT IS SO ORDERED.**

Dated: June 28, 2010

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[26]*Honeycutt v. City of Wichita*, 251 Kan. 451, 463 (Kan. 1992).